UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHILLIP P. BUHRT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:12 CV 592 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

Phillip P. Buhrt, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging his 1988 convictions for attempted murder, robbery, and rape in Elkhart County. (DE # 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. Upon review, the petition is untimely by several years and must be dismissed.

In 1988, Buhrt pled guilty to the above offenses and was sentenced to an aggregate term of 50 years in prison. (DE # 1 at 1.) He did not pursue a direct appeal. (*Id.*) Nearly 20 years later, in March 2007, Buhrt filed a post-conviction petition in state court claiming that his guilty plea was not knowing and voluntary. *Buhrt v. State*, No. 20A05-1101-PC-43 (Ind. Ct. App. Oct. 26, 2011), slip op. at 1. Specifically, he claimed that he was not given a proper advisement of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969). *Id.* The trial court denied his petition, and the Indiana Court of Appeals affirmed. *Id.* at 1-3. In June 2012, the Indiana Supreme Court denied

Buhrt's petition to transfer. *Buhrt v. State*, 969 N.E.2d 86 (Table) (Ind. Jun. 4, 2012). On October 5, 2012, Buhrt tendered his federal petition to prison officials for mailing. (DE # 1 at 5.) In it he raises one claim, namely, that his guilty plea was not knowing and voluntary because he was not properly advised of his rights. (*Id.* at 3.)

Buhrt's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Upon review, Buhrt's claim does not implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply. Buhrt's conviction became final prior to the enactment of AEDPA, and he therefore had until April 24, 1997, to seek federal habeas relief. *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005). He did not do so, and instead he waited until 2012 to file this petition. Although in 2007 he filed a state post-conviction petition, this filing did not toll or otherwise affect the federal deadline, since the deadline had expired long before he pursued state post-conviction relief. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (observing that "a state proceeding that does not begin until the federal year has expired is irrelevant" for purposes of 28 U.S.C § 2244(d)(2)). The state court's subsequent decision denying post-conviction relief did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *Id.* at 942-43.

Buhrt has not provided any grounds for excusing the untimeliness of his petition and, indeed, he did not answer when asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d). (*See* DE # 1 at 5.) Based on the above, Buhrt's petition must be dismissed as untimely.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final

order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As explained above, Buhrt's petition is untimely by several years. Nothing before the court suggests that jurists of reason could debate the correctness of this ruling or find a reason to encourage Buhrt to proceed further. Accordingly, the court declines to issue Buhrt a certificate of appealability.

For these reasons, the petition (DE # 1) is **DISMISSED** as untimely pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the petitioner is **DENIED** a certificate of appealability.

**SO ORDERED.**

Date: October 23, 2012

/s James T, Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT